IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH GUEVARA, *et al.*       ) | |
|                            ) | |
|    Plaintiffs,                  ) | |
|                            ) | |
| v.                          ) | Civil Action No. 10-1941 (RC) |
|                            ) | |
| CHUKEWUEMEKA ONYEWU, M.D.  ) | |
|                            ) | |
|    Defendant.                 ) | |

**PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF PRIOR LAWSUITS**

Defendant opposes presentation of what he refers to generally as "prior bad acts" evidence, citing decisional law from a variety of state courts (whose evidentiary rules and decisions are of absolutely no binding effect in federal court). However, he never directly addresses the Federal Rule of Evidence from which a "prior bad acts" argument might arise. His avoidance of the Rule itself may be purposeful, because that Rule would allow evidence of facts adduced in prior lawsuits under certain circumstances.

Federal Rule of Evidence 404 (b) includes the following provision:

> This evidence ("prior acts") may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

In this case, Plaintiff's expert has testified that one of the primary errors made by the Defendant is that he cut too much tissue from Plaintiff's arms and that, as a

consequence, he had to suture the wounds too tightly.  Plaintiff does not disagree that mere evidence that the Defendant has been sued previously, without more, would not be proper.  Indeed, it is not the intention of the Plaintiff at this point to offer evidence that Defendant has previously been sued for negligence.   It is not entirely clear whether Defendant seeks to prohibit evidence *relating to or arising from* prior lawsuits or whether his request is limited to barring evidence indicating *that he has been sued*.  To the extent Defendant seeks to bar the former, Plaintiff submits that, considering the exceptions to Rule 404(b) and the breadth of Defendants' request (seeking an Order prohibiting the Plaintiff from ". . . eliciting evidence . . . referencing any of [Defendant's] other lawsuits or the fact that he has previously been sued"), the Court should withhold any decisions about whether evidence from prior lawsuits is admissible until the trial of this action. *See, e.g., Henderson v. George Washington University*, 449 F.3d 127, 134 – 135 (D.C. Cir. 2006) (concluding in a medical malpractice case that "it most assuredly was an abuse of discretion to keep the [the evidence of a prior similar act] out as impeachment, rebuttal, and rehabilitative evidence" under the circumstances of that case).

      Because the testimony and evidence offered by the Defendant may determine whether such evidence is relevant, and/or whether it falls within one of the exceptions to Fed.R.Evid. 404, granting the Defendant's Motion would be premature. Accordingly, Plaintiff requests that the Court deny the Motion.

Respectfully submitted,

  /s/ *Jeffrey C. Seaman*
John J. Hathway (#412664)
Jeffrey Seaman (#466509)
1025 Connecticut Ave., NW, Ste. 400
Washington, DC 20036-5405
jhathway@wtplaw.com
jseaman@wtplaw.com
(202) 659-6800
Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH GUEVARA, *et al.*    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Civil Action No. 10-1941 (RC) |
| ) | |
| CHUKEWUEMEKA ONYEWU, M.D.    ) | |
| ) | |
| Defendant.    ) | |

**ORDER DENYING MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE OF PRIOR LAWSUITS**

Upon Motion by the Defendant, the Court having considered same, and the Opposition thereto,

IT IS ORDERED that the Motion is DENIED.

_____
Rudolph Contreras
Judge, U.S. District Court