**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ELIZABETH GUEVARA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-1941 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 80, 84 |
| | : | | |
| CHUKEWUEMEKA ONYEWU, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING IN PART PLAINTIFF'S MOTION TO RETAX COSTS**

**I.   INTRODUCTION**

After a trial in which the jury rendered a verdict rejecting the plaintiff's medical malpractice claims, the defendant as the prevailing party submitted a bill of costs. The Clerk taxed $7,175.82 in costs. The plaintiff seeks to have the bill denied on the basis of her alleged indigence or, in the alternative, reduced due to the inclusion of inappropriate line items. The Court will decline to entirely deny the bill of costs but will order the Clerk to reduce the bill by the amount taxed for the unnecessary demonstrative exhibit production and deposition transcript order.

**II.   FACTUAL BACKGROUND**

This litigation arose in 2010 when Elizabeth Guevara ("Plaintiff") and her husband[1] filed a complaint for medical negligence and loss of consortium resulting from a brachioplasty surgery performed by Dr. Chukewuemeka Onyewu ("Defendant"). *See* Compl. (Dkt. No. 1) at 4–8. The

---

[1] Jose Guevara was terminated as a party to this lawsuit on March 23, 2012. *See* Order (Dkt. No. 33).

case proceeded to trial in January 2013, and the jury returned a verdict in favor of Defendant on all counts. *See* Jury Verdict (Dkt. No. 77).

After trial, Defendant submitted a bill of costs, seeking payment from Plaintiff for costs related to Clerk's fees, creation of demonstrative exhibits, photocopies, and deposition transcript orders. *See* Mot. Costs (Dkt. No. 80).[2] On April 23, 2013, the Clerk taxed costs totaling $7,175.82, including $380.68 in filing fees, $2,995.50 in deposition transcripts, $80.00 in witness fees, $3,422.74 for exemplification and copying exhibits, and $296.90 for other copying costs. *See* Bill of Costs (Dkt. No. 83). Less than four hours after the Clerk posted the bill of costs to the docket, Plaintiff filed a motion to retax that restates verbatim the arguments she submitted in opposition to Defendant's original motion—namely, that her indigence warrants complete denial of the motion for costs or, alternatively, that there is no basis for the Court to award costs for money spent on demonstrative exhibits and certain deposition transcripts. *Compare* Mot. Retax (Dkt. No. 84), *with* Opp'n Mot. Costs (Dkt. No. 82).

### III. ANALYSIS

#### A. Legal Standard

The Federal Rules of Civil Procedure provide that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under federal statute, taxable costs include, among other things:

(1) Fees of the Clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[2] The Court notes that Defendant attached all of his exhibits directly to his brief with no supporting affidavit. Because Plaintiff does not dispute their authenticity, the Court will consider the exhibits.

>   (3) Fees and disbursements for printing and witnesses; [and]
>
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . .

28 U.S.C. § 1920. Our local rules further provide that taxable costs may include:

>   (6) [T]he costs, at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial;
>
>   . . .
>
>   (8) [C]osts of copying those exhibits which are introduced into evidence, are used for impeachment, or are filed with the Clerk; [and]
>
>   (9) [O]ther costs of copying up to $300.00 . . . .

D.D.C. Civ. R. 54.1(d). The Supreme Court has noted that "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Although costs are generally awarded as a matter of course, the district court has discretion in allowing, disallowing, or apportioning costs. *See Moore v. Nat'l Ass'n of Secs. Dealers, Inc.*, 762 F.2d 1093, 1107 (D.C. Cir. 1985). However, "a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc) (per curiam).

In accordance with the presumption that costs are awarded to the prevailing party, "federal courts have placed on the unsuccessful parties some burden of showing circumstances sufficient to overcome the presumption favoring the prevailing party." *Id.* As a result, courts "have rarely denied costs to a prevailing party whose conduct has not been vexatious when the losing party has been capable of paying such costs." *Id.* The defeated party's ability to pay, however, is not a prerequisite to an award of costs. The financial hardship of the unsuccessful party "is a factor that a district court *may, but need not, consider* in its award of costs pursuant to

3

Rule 54(d)." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (emphasis added);

*see also Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) ("[I]ndigence does not

automatically excuse the losing party from paying the prevailing party's costs."); *In re Paoli R.R.

Yard PCB Litig.*, 221 F.3d 449, 464 (3d Cir. 2000) ("[I]f a losing party is indigent or unable to

pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing

party from paying costs."). Indeed, by federal statute, costs may even be awarded against parties

proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(f).

## B.  Plaintiff's Financial Hardship

Although Plaintiff does not dispute that Defendant is the prevailing party, she argues that

the costs should be reduced based on her alleged inability to pay. When a district court chooses

to consider the unsuccessful party's financial hardship, "it should require substantial

documentation of a true inability to pay." *Chapman*, 229 F.3d at 1039; *see also Johnson v.

Holway*, 522 F. Supp. 2d 12, 17 (D.D.C. 2007) ("[U]nsubstantiated assertions of financial

hardship . . . are an insufficient basis on which to deny costs."). Since 2001, Plaintiff's sole

source of income has been her Social Security disability payment, which totals less than $13,000

per year. *See* Guevara Decl. ¶ 1 (Dkt. No. 84-1). Her monthly benefit is not sufficient to meet

her mortgage payment, and her husband has been unemployed for a year and receives no

unemployment benefits. *See id.* ¶¶ 4–7. Defendant does not dispute Plaintiff's evidence and

admits that he is not in the position to establish whether she could pay the award of costs with

other assets. *See* Mem. Reply Mot. Costs (Dkt. No. 82) at 1 n.1. Nor is the Court in a position to

establish that Plaintiff could not pay, based on the evidence presented. In determining whether a

non-prevailing party bears sufficient financial hardship to avoid an award of costs, courts

consider not just monthly income and selected expenditures, but other assets and discretionary

expenditures as well.  *See, e.g.*, *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999) (reversing district court's denial of costs because it failed to consider party's marital property and use of 401(k) distributions to buy discretionary items).  Plaintiff did not provide the Court with an estimate of her net worth and presents an incomplete financial picture.  For example, her declaration accounts for her mortgage payment (a liability) but not the value of the corresponding asset (her home).  This accounting does not constitute the "substantial documentation" courts have required.  Moreover, this legal dispute arises out of what appears to have been an elective plastic surgery—a discretionary expense.  Accordingly, the Court does not see sufficient reason to override the strong presumption in favor of an award of costs.

### C.  Plaintiff's Objections to Specific Costs

#### 1.  Demonstrative Exhibits

Plaintiff alternatively challenges specific line items on the bill of costs.  Defendant sought, and the Clerk taxed, $772.74 for color enlargements and mounting of demonstrative exhibits and $2,650.00 for the design and illustration of medical trial graphics.  *See* Mot. Costs (Dkt. No. 80) Ex. B.  Section 1920 only authorizes an award for copies "necessarily obtained for use in the case . . . ."  *See* 28 U.S.C. § 1920(2).  "One precept that has guided courts in making that determination is that costs of demonstrative materials which were merely illustrative of expert testimony, other adequate evidence, or argumentative matter are not taxable.  Taxing costs for the trial graphics that defendant would have used at trial, however, would violate this fundamental rule."  *Robertson v. McCloskey*, 121 F.R.D. 131, 133 (D.D.C. 1988) (citation, footnote, and internal quotation marks omitted).  Defendant's demonstratives contained images and text depicting the steps performed during a brachioplasty surgery, the pre- and post-operative anatomy of the upper arm, and the physiology of both normal and abnormal healing processes.

*See* Pretrial Stmt. Ex. B (Dkt. No. 61-2). He argues that these demonstratives were necessary because they "were referred to by counsel during opening and closing statements and throughout the testimony of fact and expert witnesses." Mem. Reply Mot. Costs (Dkt. No. 82) at 3. But this argument reveals that the materials were merely illustrative of testimony or argumentative— purposes that are not taxable. These items should be deleted from the bill of costs.

2. Deposition Transcripts

Plaintiff also challenges the taxation of transcripts from the depositions of Jose Guevara and Dr. Paul Ruff. As with taxation for the costs of exhibits, deposition transcripts are taxable if they are "necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(2). Our local rules illustrate that the costs "of one original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial" are taxable under this analysis.[3] D.D.C. Civ. R. 54.1(d)(6). Plaintiff argues that Local Rule 54.1 limits the costs taxable under Section 1920, and therefore Defendant cannot recover the cost of these two depositions because they were not used on the record. But Plaintiff is incorrect. The necessity of obtaining a deposition transcript is ascertained "as of the time the deposition was taken rather than at the time of the trial." *Johnson*, 522 F. Supp. 2d at 18; *accord Youssef v. FBI*, 762 F. Supp. 2d 76, 86 (D.D.C. 2011). Even if Defendant did not ultimately use the depositions at trial or on the record, that fact is not

---

[3] Defendant suggests that Local Rule 54.1(d)(6) entitles the prevailing party to the costs for all depositions he noticed, regardless of whether the deposition was necessary or used on the record. *See* Mem. Reply Mot. Costs (Dkt. No. 82) at 3–4. This argument incorrectly assumes that the "if the deposition was used on the record" clause modifies only the last antecedent— depositions noticed by other parties. Because these two clauses are separated by a comma, the conditional clause modifies all of the antecedents, including depositions noticed by the prevailing party. *See also* 2A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutes and Statutory Construction* § 47:33 (7th ed. 2011) ("Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma.").

singularly determinative.  *See Sykes v. Napolitano*, 755 F. Supp. 2d 118, 121 (D.D.C. 2010).  Even use of the transcripts in preparation for trial may make them eligible for taxation.  *See, e.g.*, *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 n.49 (D.C. Cir. 1981).

At the time of Jose Guevara's deposition, he was still a party to this litigation.  Although Mr. Guevara's counsel had sought a stipulation dismissing his claims before his deposition, *see* Mot. Retax Ex. B (Dkt. No. 84-4), Defendant's counsel was not obligated to agree to the stipulation, nor was there any guarantee that Mr. Guevara would not renege on his proposal to dismiss his claim.  Moreover, it was reasonable for Defendant to believe that Mr. Guevara, as Plaintiff's husband, would provide necessary testimony to test the veracity of Plaintiff's damages-related allegations regardless of his own party status.  This is especially true in light of his original claim for loss of consortium.  Indeed, Defendant still intended to call Mr. Guevara as a witness at trial well after his deposition was taken and his claim was dismissed.  *See* Pretrial Stmt. (Dkt. No. 64) at 1.  The Court finds that his deposition was necessary.

The necessity of Dr. Paul Ruff's deposition, however, is less clear.  Dr. Ruff was one of two plastic surgery experts put forward by Defendant.  Defendant argued that the testimony of multiple experts was necessary to establish a national standard of care regarding the brachioplasty procedure.  *See* Mem. Opp'n Mot. Limine (Dkt. No. 42-1) at 2.  The Court granted in part Plaintiff's motion to exclude cumulative expert testimony, *see* Order Res. Mot. Limine & Mot. Summ. J. (Dkt. No. 55), and Dr. Ruff did not testify at trial.  In light of the cumulative nature of his testimony and the fact that he did not testify at trial, Dr. Ruff's deposition testimony hardly seems necessary and should not be taxed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will issue an order reducing the bill of costs by $3,422.74 for Defendant's unnecessary demonstratives and $75.75[4] for the unnecessary Ruff deposition transcript.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of May, 2013.

RUDOLPH CONTRERAS<br>
United States District Judge

---

[4] The invoice for Dr. Ruff's deposition totals $87.75, but the Clerk has already reduced the bill by $12.00 to remove the ineligible cost of shipping and handling the transcript.  *See* Bill of Costs (Dkt. No. 83) at 3.